UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| HAYK KAZARYAN,<br><br>   Petitioner,<br><br>   v.<br><br>L.J. MILUSNIC,<br><br>   Respondent. | No. CV 18-09528-DOC (DFM)<br><br>ORDER SUMMARILY<br>DISMISSING PETITION |

  On November 9, 2018, Hayk Kazaryan ("Petitioner") filed in this Court a Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241. See Dkt. 1 ("Petition"). Petitioner is incarcerated at the United States Penitentiary in Victorville, California. Petitioner's argues that this Court should order that his 60-month sentence be reduced by 90 days to account for time spent in a drug treatment program as a condition of bail. See id. at 3.

  As an initial matter, to the extent Petitioner challenges the sentence imposed, the Petition is properly brought under 28 U.S.C. § 2255, not § 2241. Motions to contest the legality of a sentence must be filed under § 2255 in the

sentencing court,[1] while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought under § 2241 in the custodial court. See Doganiere v. United States, 914 F.2d 165, 169-70 (9th Cir. 1990); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1980).

Even if Petitioner had used the proper form, however, the Court would deny the Petition. 18 U.S.C. § 3585(b) provides that a defendant generally must "be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences." In Reno v. Koray, 515 U.S. 50 (1995), the United States Supreme Court held that a petitioner was not entitled to a sentence credit for his time at a community treatment center, because a defendant suffers "detention" only when confined to the Attorney General's custody; a defendant admitted to bail "on restrictive conditions," as Petitioner was, is "released." Id. at 57; see also United States v. Newman, 203 F.3d 700, 702 (9th Cir. 2000) (reversing district court's grant of credit for time spent in drug treatment program while on pre-trial release).

Petitioner argues that Koray is distinguishable because he was not "released" before being placed into the treatment facility. Petition at 8. Petitioner misunderstands Koray. The Supreme Court in Koray did not hold that a person must first be released and then placed on restrictive conditions for a court to deem him "released." Rather, Koray held that the restrictive conditions themselves constitute release.

Petitioner also argues that Koray is distinguishable because Petitioner was "never provided notice" that his time in the drug treatment center "would not be credited to any future term of imprisonment." Petition at 8; see also Koray, 515 U.S. at 65 ("The Court thus does not foreclose the possibility that

---

[1] Petitioner was sentenced in this Court. See Petition at 2.

2

the fundamental fairness we describe as "due process" calls for notice and a comprehension check" (Ginsburg, J., concurring)). It appears that every federal circuit court to consider this question, including the Ninth Circuit, has concluded that there "is no basis for a constitutionally grounded requirement that a district judge sua sponte advise a defendant" of the sentencing consequences of pre-trial or pre-sentencing bail or bond restrictions. <u>Fed. Bureau of Prisons v. Moreno</u>, 145 F. App'x 223, 224 (9th Cir. 2005) (refusing to grant habeas relief where petitioner argued that time spent out on bond in home confinement after conviction and before sentencing should be credited against his sentence); <u>see also</u> <u>Cucciniello v. Keller</u>, 137 F.3d 721, 725 (2d Cir. 1998) ("Since there is no constitutional requirement that Cucciniello had to be notified that home confinement would not be credited against a subsequent sentence, we need not consider whether granting credit would be an appropriate remedy for the violation of such a requirement.").

IT IS THEREFORE ORDERED that the Petition is DENIED. A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

Dated: January 23, 2019

_____
DAVID O. CARTER
United States District Judge

Presented by:

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge

3